## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ASHLEY CARMELLA PEREZ,

     Plaintiff,

-vs-

     Case No.

EXPERIAN INFORMATION
SOLUTIONS, INC. and OPORTUN,
INC.,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, ASHLEY CARMELLA PEREZ (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and OPORTUN, INC. (hereinafter "Oportun") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## <u>PRELIMINARY STATEMENT</u>

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## <u>JURISDICTION AND VENUE</u>

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Orange County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Oportun is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Oportun is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     Oportun furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to Oportun, partial account number 591*, as to an unsecured loan (hereinafter "Oportun Account"). Plaintiff does not have an account with Oportun and never applied or gave permission to anyone to apply using her information for the Oportun Account.

17.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

18.     In or about November 2023, Plaintiff applied for an auto loan, but to her surprise, she was denied.

19.     At that time, the dealership advised Plaintiff the denial was due to another auto loan already on her credit file. However, Plaintiff did not have any auto loans at the time she applied.

20.     Shortly thereafter, Plaintiff contacted the dealership where the fraudulent originated and found out the dealership had the wrong name and used a

passport number to take out the loan. The dealership advised Plaintiff to file a police report and would not do anything else to fix the error.

21.    On or about April 22, 2024, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed incorrect personal identifying information, including four (4) names, six (6) addresses, and birth year. Additionally, Plaintiff observed the Oportun Account was reported as negative with a status of 30 days past due in February 2024 and balance of $251. Although there were payments to the Oportun Account, none of these payments were by Plaintiff because the Oportun Account did not belong to her.

22.    Due to the inaccurate reporting, on or about July 22, 2024, Plaintiff submitted online a detailed dispute letter to Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft or mixed file, and that incorrect personal identifying information was appearing in her credit file. Further, Plaintiff advised the Oportun Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of credit denials for an auto loan, and other supporting documents.

23.    On or about August 9, 2024, Plaintiff received dispute results from Experian which stated it had updated incorrect personal identifying information in Plaintiff's credit file.

24.    On or about August 12, 2024, Plaintiff received additional dispute results from Experian which stated the Oportun Account was verified as accurate.

25.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

26.    Experian never attempted to contact Plaintiff during the alleged investigation.

27.    Upon information and belief, Experian notified Oportun of Plaintiff's dispute. However, Oportun failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

28.    On or about October 16, 2024, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed the Oportun Account continued to be reported as negative with a status of "Refinanced, closed" and 30 days past due in February 2024. Plaintiff did not make any payments to or refinance the Oportun Account because it did not belong to her.

29.    On or about October 30, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 179466727. In this report, she explained that she was a victim of identity theft and that the Opportun Account listed in her credit report did not belong to her.

30.    Due to the continued inaccurate reporting, on or about October 30, 2024, Plaintiff mailed a second detailed dispute letter to Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft or mixed file, and that incorrect personal identifying information was appearing in her credit file. Further, Plaintiff advised the Oportun Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of credit denials for an auto loan, images of her filed FTC Identity Theft Report, and other supporting documents.

31.    Plaintiff mailed her second detailed dispute letter to Experian via USPS Certified Mail, tracking number 7022 1670 0001 4664 2110.

32.    As of the filing of this Complaint, Plaintiff has not received dispute results as to her second detailed dispute letter.

33.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian continues to inaccurately report the erroneous Oportun Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

34.    Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher, Oportun.

35.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

36.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    v.    Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

37.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

40.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

41.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

42.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

43.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

44.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

46.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

47.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48.     Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

49.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

51.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

52.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

53.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT III**</u>
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

55.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

56.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

57.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

12

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

58.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

59.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

60.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

61.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

62.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

63.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

64.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

65.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this

14

information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

66.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Oportun, Inc. (Negligent)**

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

70.     Oportun furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

71.     After receiving Plaintiff's disputes, Oportun violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

72.     Plaintiff provided all the relevant information and documents necessary for Oportun to have identified that the account was erroneous.

73.     Oportun did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Oportun by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with

which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

74.    Oportun violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

75.    As a direct result of this conduct, action, and/or inaction of Oportun, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and inaction of Oportun was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.    Plaintiff is entitled to recover costs and attorney's fees from Oportun in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual damages against Defendant, OPORTUN, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Oportun, Inc. (Willful)

78.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

79.    Oportun furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

80.    After receiving Plaintiff's disputes, Oportun violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

81.    Plaintiff provided all the relevant information and documents necessary for Oportun to have identified that the account was erroneous.

82.    Oportun did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Oportun by Plaintiff in connection with her

18

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

83.    Oportun violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

84.    As a direct result of this conduct, action, and/or inaction of Oportun, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

85.    The conduct, action, and inaction of Oportun was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

86.    Plaintiff is entitled to recover costs and attorney's fees from Oportun in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, OPORTUN, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ASHLEY CARMELLA PEREZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and OPORTUN, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610

Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*